1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10    BRADLEY KERTIS,                              CASE NO. C20-526 MJP

11                        Plaintiff,               ORDER ON MOTION TO
                                                   REMAND
12              v.

13    EQUILON ENTERPRISES LLC, et al.,

14                        Defendants.

15

16        The above-entitled Court, having received and reviewed:

17        1.  Plaintiff's Motion to Remand (Dkt. No. 16),

18        2.  Defendants' Response to Plaintiff's Motion to Remand (Dkt. No. 19),

19        3.  Plaintiff's Reply in Support of Motion to Remand (Dkt. No. 24),

20    all attached declarations and exhibits, and relevant portions of the record, rules as follows:

21        IT IS ORDERED that the motion is GRANTED; this matter will be remanded forthwith

22    to King County Superior Court.

23
24

**Background**

This case arises out of an accident between a truck allegedly driven by one of the Defendants and a motorcycle operated by Plaintiff. Plaintiff filed his complaint in King County Superior Court on March 5, 2020. Dkt. No. 1, Ex. 3. The complaint, which did not specify the amount of damages sought, alleged that Defendant Sterling (the driver of the truck and an employee of Defendant Equilon Enterprises LLC dba Shell Oil Products ["Shell"]) and his wife "were residents of Illinois and are now residents of Illinois and/or Oak Harbor, Island County, Washington." Id. at ¶ 2.

Defendants Shell and Matrix Service ("Matrix") were served on March 6, 2020. Plaintiff takes the (disputed) position that Defendant Sterling was served on March 10, 2020 through the Secretary of State. Defendants Shell and Matrix filed their Notice of Removal on April 6, 2020.[1] The Sterlings have yet to appear in the lawsuit.

**Discussion/Analysis**

Plaintiff attacks the validity of the removal on several grounds, only one of which the Court finds meritorious.

*Failure to establish amount in controversy*

As Washington law entitles him to do, Plaintiff did not specify the amount of damages he sought in his state court complaint. Defendants' Notice of Removal simply states "Defendant has a good faith belief that the amount in controversy exceeds $75,000." Dkt. No. 1 at ¶ 8.

A removing defendant, faced with an uncertain or unstated amount of damages, bears the burden of coming forward with facts establishing the jurisdictional amount by a preponderance

---

[1] Plaintiff initially took the position that the filing of the Notice thirty-one days after Defendants Shell and Matrix were served is a violation of 28 U.S.C. § 1446(b), but withdrew that argument when Defendants pointed out that the 30th day fell on a weekend and they were permitted to filed on the following Monday.

1    of the evidence; conclusory allegations will not suffice.  Gaus v. Miles, Inc., 980 F.3d 564, 567

2    (9th Cir. 1992); Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d, 375 (9th Cir. 1997).

3    Defendants point to case law requiring merely a "plausible allegation" of the requisite amount

4    (Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88 (2014)), but that extends only to

5    the notice itself – once challenged, the removing party is required to submit proof which

6    Defendants (so far) have not done.

7            Actually, Dart Basin specifies a procedure whereby a removing defendant is permitted to

8    "plausibly allege" the requisite amount in controversy in their notice and, if it goes unchallenged,

9    the matter may remain in federal court.  Upon a challenge from Plaintiff, however, both sides are

10   then required to submit proof and the Court makes findings of fact regarding the issue.  574 U.S.

11   at 88-89.  If the removal of this case did not fail on "diversity of citizenship" grounds, the Court

12   would have followed this procedure as regards the jurisdictional amount.

13   *No unanimity of properly served defendants*

14           28 U.S.C. §1446(b)(2)(A) requires all defendants who have been properly joined and

15   served to consent to removal.  Although Defendant Matrix filed its consent, no similar agreement

16   was filed by the Sterlings.  The issue regarding this basis for remand becomes whether, on the

17   date that Defendant Shell removed the matter (April 6, 2020), the Sterlings had been properly

18   served.

19           On March 10, 2020, Plaintiff attempted service on the Sterlings through the Secretary of

20   State under RCW 46.64.040.  Plaintiff appears to take the position that acceptance of the papers

21   by the Secretary of State's Office is all that is required under the statute to effect service.  The

22   Court does not read the statute the same way:

23

24

ORDER ON MOTION TO REMAND - 3

> [The] operation [of a motor vehicle on the public highways of Washington state by a nonresident]… shall be a signification of the nonresident's agreement that any summons or process against him or her which is served [upon the secretary of state of the state of Washington] shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents.

Plaintiff cannot have it both ways.  If the Sterlings were not residents of the state of Washington, it appears by operation of this statute that service upon the Secretary of State is the equivalent of service upon them; i.e., service would be effected on the day the papers were accepted by the Secretary of State's Office.  If, however, the Sterlings are residents and citizens of Washington (as Plaintiff maintains persuasively that they are; *see infra*) then service cannot be accepted by the Secretary of State's Office until the conclusion of <u>three years</u> of "due and diligent" searching. Under that reading of the statute, the Sterlings were not properly served at the time the notice of removal was filed and the other Defendants did not need their consent.

*Complete diversity is lacking*

Plaintiff is a citizen of Washington.  Dkt. No. 1, Ex. 3 at ¶ 1.  Removal was premised on the existence of diversity jurisdiction.  Notice of Removal at 2.  Despite the fact that Plaintiff's complaint clearly alleged that the Sterling Defendants "were residents of Illinois and are now residents of Illinois and/or Oak Harbor, Island County, Washington," the Notice simply stated that the Sterlings "were residents of Illinois."

Plaintiff's opening brief attacks Defendants' failure to establish the Sterlings' "citizenship" on the grounds that the operative fact is where a party is "domiciled," not

1    necessarily where the party resides.  Defendants attempt to counter with evidence that the

2    Sterlings are domiciled in Illinois, but in his reply brief Plaintiff provides evidence that the

3    Sterlings moved from Illinois to Oak Harbor, Washington and were residing there at the time of

4    removal.  Dkt. No. 25, Decl. of Malcolm, Ex. B.

5           Plaintiff makes a further diversity argument which, although valid, is untimely.  The

6    Notice of Removal identifies Defendant Shell as "a Delaware corporation having its headquarters

7    in Houston, Texas."  Notice, *supra* at ¶ 3.  But Shell is an LLC, a non-corporate entity.  As such,

8    Plaintiff challenges Shell's failure to establish the citizenship of each constituent member of the

9    entity for purposes of establishing diversity jurisdiction.

10          The point is well-taken, but it is raised for the first time in Plaintiff's reply brief,

11   foreclosing Shell from offering a response.  Under the circumstances, the Washington citizenship

12   of the Sterlings is sufficient to support the remand.  Had that factor not been established,

13   however, the Court would have required Defendant Shell to produce evidence of the citizenship

14   of all its constituent members.

15

16   **Conclusion**

17          Defendants have failed to establish complete diversity, depriving this Court of

18   jurisdiction and invalidating their attempt to remove this matter to federal court.  The motion to

19   remand is GRANTED, and the matter will be transferred forthwith back to King County

20   Superior Court.

21

22

23

24

The clerk is ordered to provide copies of this order to all counsel.

Dated July 13, 2020.

Marsha J. Pechman
United States Senior District Judge