UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY KERTIS,<br><br>               Plaintiff,<br><br>   v.<br><br>EQUILON ENTERPRISES LLC, et al.,<br><br>               Defendants. | CASE NO. C20-526 MJP<br><br>ORDER ON MOTION FOR ATTORNEY FEES |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion for Attorney Fees (Dkt. No. 31),

2. Defendant Equilon Enterprises' Response (Dkt. No. 34),

3. Defendant Matrix Service's Joinder and Response (Dkt. No. 35),

4. Plaintiff's Reply in Support of Motion (Dkt. No. 36),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

ORDER ON MOTION FOR ATTORNEY FEES - 1

1     Plaintiff prevailed on a motion to remand his matter back to state court (*see* Dkt. No. 30, Order on Motion to Remand) and now seeks attorney's fees pursuant to 28 U.S.C. § 1447(c) on the grounds that Defendants had no objectively reasonable basis for removal.

    This motion is committed to the sound discretion of the Court (*see* <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c)).  The issue of whether Plaintiff is entitled to be reimbursed for his fees and costs turns on whether the removal was objectively reasonable at the time that it occurred.  <u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1066 (9th Cir. 2008).

    Defendants have presented evidence supporting their belief at the time of removal that the Defendant who is now known to be a resident of Washington (like the Plaintiff) was domiciled in Illinois.  Dkt. No. 19, Response at 2.  Plaintiff's evidence to the contrary was not established until after the matter had been removed to federal court.  While the Court is aware that Plaintiff alleged Sterling's <u>possible</u> residency in Washington in his complaint, it was done so in the conjunctive-disjunctive ("and/or"); the possibility that Sterling resided in Illinois was also alleged, and Defendants have indicated their not-entirely-unreasonable basis for believing he resided in Illinois.

    Plaintiff's later confirmation that Sterling was a Washington resident does not establish that Defendants <u>unreasonably</u> believed he was a citizen of Illinois at the time of removal.  Had Plaintiff contacted Defendants with this information, requested a stipulated remand, and been refused, the equities might have tipped in his favor.  As it stands, he chose to reveal it in a reply brief – sufficient to earn him his remand, but not to qualify him for reimbursement of fees and costs.

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated July 31, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge